**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                               )
EDUARDO ROCHA SIQUEIRA,        )
                               )
                Petitioner,    )
                               )
v.                             )        Civil Action
                               )        No. 26-cv-12252-PBS
ANTONE MONIZ, Superintendent,  )
Plymouth County Correctional   )
Facility, et al.,              )
                               )
                Respondents.   )
_____)
```

**ORDER**

June 17, 2026

Saris, J.

Petitioner Eduardo Rocha Siqueira ("Petitioner") has filed a habeas petition under 28 U.S.C. § 2241 to challenge the lawfulness of his immigration detention. The Court previously ordered the government to provide Petitioner with a bond hearing in immigration court that complies with the due process standards outlined in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021). At the hearing, the immigration judge denied Petitioner's request for release on bond. She found that the government had shown by clear and convincing evidence that Petitioner poses a danger to the community based on a May 2026 arrest for operating under the influence and a police report describing the circumstances leading to Petitioner's arrest on that charge.

Petitioner now moves to enforce this Court's order, arguing that his bond hearing did not comport with Hernandez-Lara's requirement that the government must prove dangerousness by clear and convincing evidence to justify a noncitizen's detention. See 10 F.4th at 41. The government first responds that "Petitioner's recourse is to exhaust administrative remedies by appealing the [immigration judge]'s decision to the Board of Immigration Appeals ('BIA')." Dkt. 11 at 2. Yet as this Court has previously held, a noncitizen "need not exhaust an appeal to the BIA" before bringing a due process challenge of this sort "given the irreparable harm caused by [the] allegedly unlawful and ongoing detention." Cuzco Ganzhi v. Moniz, No. 26-cv-11478, 2026 WL 1194941, at *1 (May 1, 2026) (collecting cases).

Nonetheless, the Court denies Petitioner's motion on the merits. The Court's authority in reviewing Petitioner's due process challenge "is limited." Diaz Ortiz v. Smith, 384 F. Supp. 3d 140, 143 (D. Mass. 2019). A noncitizen must "either point to the language of the immigration judge's" ruling indicating she applied the wrong standard of proof "or demonstrate that 'the evidence itself could not -- as a matter of law -- have supported' the immigration judge's decision to deny bond." Id. (quoting Hechavarria v. Whitaker, 358 F. Supp. 3d 227, 240 (W.D.N.Y. 2019)); see Miti v. Moniz, __ F. Supp. 3d __, __ (D. Mass. 2026) [2026 WL 884639, at *6], appeal filed, No. 26-1655 (1st Cir. June 1, 2026).

2

The immigration judge in this case articulated the correct burden and standard of proof, so the question is whether the evidence cited by the immigration judge was sufficient to justify her decision to deny bond based on dangerousness. A criminal charge or arrest need not ripen into a conviction before an immigration judge may consider a police report's description of the underlying conduct when assessing a noncitizen's dangerousness. See Cuzco Ganzhi, 2026 WL 1194941, at *1; Miti, __ F. Supp. 3d at __ [2026 WL 884639, at *6]; cf. Arias-Minaya v. Holder, 779 F.3d 49, 54 (1st Cir. 2015) ("[I]n reviewing requests for discretionary relief, immigration courts may consider police reports even when they rest largely on hearsay."). Here, the police report contains a detailed account of the officer's encounter with Petitioner, including the officer's observations of Petitioner's bloodshot eyes, odor of alcohol, unsteadiness on his feet, failed field sobriety test, and portable breathalyzer result of .102. The immigration judge expressly found this detailed report to be reliable, and Petitioner had the opportunity to present evidence to refute the report's contents at the bond hearing but did not so. Cf. Rosa v. Garland, 114 F.4th 1, 9, 11 (1st Cir. 2024) (explaining that an immigration judge may consider a police report in deciding whether to grant discretionary relief if she finds the report reliable and gives the noncitizen the opportunity to respond).

3

It is true that Petitioner had not been convicted of operating under the influence and that the government did not provide any external corroborating evidence to support the police report. Cf. Maurice v. Bondi, 154 F.4th 15, 21 (1st Cir. 2025). But Petitioner did not offer any evidence rebutting the report, which was not primarily based on hearsay. The report also contains statements of one of the minors in the vehicle indicating that Petitioner had been drinking and that there may have been alcohol in the center console. Although the minor promptly retracted his statement that Petitioner had been drinking and the officer discovered only an alcohol bottle cap in the console, the minor's statements and the officer's discovery of the bottle cap provide some corroboration that Petitioner had driven while or after consuming alcohol. See De Souza v. Nessinger, No. 26-cv-221, 2026 WL 1593406, at *7 (D.R.I. June 4, 2026) (finding a police report to be corroborated based on statements contained within the report itself).[1]

---

[1] In explaining her decision, the immigration judge stated that the minor indicated that Petitioner had alcohol in the vehicle, and she concluded that there was alcohol in the vehicle. The police report reflects that the minor "hinted/indicated that if there was alcohol in the vehicle[,] that it would be in the front center console." Dkt. 11-1 at 9 (emphasis added). Given the minor's statement that Petitioner had been drinking and the discovery of the bottle cap in the console (though no alcohol), any factual error in this regard is not sufficiently egregious as to amount to a due process violation. See United States v. Dewire, 271 F.3d 333, 340 n.8 (1st Cir. 2001) (recognizing that an "egregious" factual error may amount to a due process violation), abrogated on other grounds as recognized by, United States v. Anonymous Def., 629 F.3d 68 (1st Cir. 2010).

The immigration judge permissibly relied on the police report and grounded her finding of dangerousness on Petitioner's operating under the influence and his spending time alone with two minors while consuming alcohol. The Court cannot say that the report was insufficient to support a finding of dangerousness by clear and convincing evidence or that the immigration judge's decision "was so arbitrary that it would offend fundamental tenets of due process." Diaz Ortiz, 384 F. Supp. 3d at 144 (quoting Pratt v. Doll, No. 17-cv-1020, 2019 WL 722578, at *4 (M.D. Pa. Feb. 20, 2019)).

Accordingly, Petitioner's motion to enforce (Dkt. 10) is **DENIED**.


SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge

5